UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRY FAMMONS,<br>Plaintiff,<br>v.<br>KEHE DISTRIBUTORS, INC.,<br>Defendant. | No. 2:25-cv-02534-DAD-AC<br><br>ORDER GRANTING THE PARTIES' REQUEST TO STAY THIS ACTION<br><br>(Doc. No. 26) |

On November 11, 2026, the parties filed a joint stipulation to stay this action pending the final resolution of the class action titled Jeremiah *Calderon v. KeHE Distributors, Inc.*, 5:25-cv-01668-SSS-DTB ("*Calderon*") pending in the United States District Court for the Northern District of California. (Doc. No. 26 at 4.) The parties state that *Calderon* action involves substantially similar factual allegations and legal issues such that resolution of that action may materially affect the scope and further litigation of this action. (*Id.* at 3.)

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *accord Stone v. INS*, 514 U.S. 386, 411 (1995) (Breyer, J., dissenting) ("[W]e have long recognized that courts have inherent power to stay proceedings and 'to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'") (quoting *Landis*, 299 U.S. at 254); *Ernest Bock, LLC v. Steelman*, 76 F.4th 827, 842 (9th Cir. 2023). Deciding whether to

grant a stay pending the outcome of other proceedings "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis*, 299 U.S. at 254–55.

In considering whether to grant a stay, this court must weigh several factors, including "[1] the possible damage which may result from the granting of a stay, [2] the hardship or inequity which a party may suffer in being required to go forward, and [3] the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (citing *Landis*, 299 U.S. at 254–55); *see also Ernest Bock, LLC*, 76 F.4th at 842. A stay may be granted regardless of whether the separate proceedings are "judicial, administrative, or arbitral in character, and does not require that the issues in such proceedings are necessarily controlling of the action before the court." *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 864 (9th Cir. 1979).

The court concludes that the possible damage which may result from the granting of a stay here is minimal in light of the parties' stipulation. Furthermore, the court concludes that "the orderly course of justice," *CMAX*, 300 F.2d at 268, and considerations of "economy of time and effort for [the court], for counsel, and for litigants," *Landis*, 299 U.S. at 254, weigh strongly in favor of staying this action in light of the parties' representation that any resolution in the earlier filed *Calderon* action may affect the scope of this putative class action. (Doc. No. 26 at 3.)

Accordingly, the parties' joint stipulation to stay this action (Doc. No. 26) is GRANTED. The parties shall file a joint status report 90 days from the date of this order, and every 90 days thereafter, informing this court as to the status of the proceedings in the *Calderon* action. In addition, the parties shall file a notice informing the court of any final resolution of the *Calderon* action within fourteen (14) days from the issuance of such order. Finally, plaintiff's pending motion to remand this action (Doc. No. 12) will be held in abeyance for the duration of the stay.

IT IS SO ORDERED.

Dated: **November 23, 2026**

Dale A. Drozd

DALE A. DROZD
UNITED STATES DISTRICT JUDGE